**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Louis E. WILLIAMS, Defendant—
Appellee.**

No. 01–30222.

D.C. No. CR–00–00037–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided May 15, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

The United States challenges the district court's four-level downward departure that resulted in sentencing Louis Williams to a term of probation following

his guilty plea to Social Security fraud in violation of 42 U.S.C. § 408(a)(4). We have jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, and we reverse.

Despite our considerable deference to the district court in these matters, departure in these circumstances was an abuse of discretion. *See Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We may assume that the ability to repay restitution should be characterized as something other than a socio-economic factor in the circumstances here. However, we must still address the determination that this case fell outside the heartland. "The relevant question ... is not ... whether a particular factor is within the heartland as a general proposition, but whether the particular factor is within the heartland given all the facts of the case." *Koon,* 518 U.S. at 99–100 (citation and internal quotations omitted).

The considerations articulated by the district court, including Williams's ability to work and repay restitution, his entitlement to retirement benefits, his age, and his physical condition, were insufficient to take this case outside the heartland of cases governed by U.S. Sentencing Guidelines Manual § 2F1.1 (deleted Nov. 1, 2001). Therefore, we remand for resentencing.

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.